T.C. Summary Opinion 2009-50


UNITED STATES TAX COURT


CHRISTOPHER OLAN GARRIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25592-07S.                    Filed April 9, 2009.


Christopher Olan Garrin, pro se.

John R. Bampfield, for respondent.


RUWE, Judge:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies, additions to tax, and accuracy-related penalties as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|-------------------------------|------------------------------------|
| 2004 | $15,990 | $3,997.50 | $897.50 |
| 2005 | 3,590 | 3,198.00 | 718.00 |

After concessions, the issues we must decide are: (1) Whether petitioner had unreported income of $88,389[2] for 2004; (2) whether petitioner is entitled to cost of goods sold and deductions claimed on Schedule C, Profit or Loss From Business, for 2004 and 2005 in amounts greater than those allowed by respondent; (3) whether petitioner is entitled to deduct net operating losses (NOL) of $10,814 for 2004 and $5,784 for 2005; (4) whether petitioner is entitled to deduct home mortgage interest claimed on Schedule A, Itemized Deductions, in an amount greater than that allowed by respondent for 2004; (5) whether petitioner is liable for the additions to tax pursuant to section 6651(a)(1) for 2004 and 2005; and (6) whether petitioner is

---

[2] In the notice of deficiency respondent determined on the basis of bank deposits analysis that petitioner had unreported income of $88,389. After further examination of petitioner's bank deposits for 2004, respondent has concluded that petitioner's unreported income should have been $88,509. Nevertheless, respondent has agreed to limit his pursuit of unreported income to $88,389 as originally stated in the notice of deficiency.

liable for the accuracy-related penalties pursuant to section 6662(a) for 2004 and 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Georgia.

During 2004 and 2005 petitioner was a subcontractor doing business as Garrin Construction, a commercial construction company that specialized in interior commercial drywall. Petitioner transacted much of his business with cash, including purchasing materials and paying some of his employees. Payors reported paying to petitioner nonemployee compensation of $50,286 and $35,214 during 2004 and 2005, respectively. Petitioner operated his business from his residence. Petitioner, however, has not offered any documentary or testimonial evidence as to the portion of his residence that was used exclusively for business.

During 2004 petitioner acquired a "big job" that required him to assign eight of his workers to it. Petitioner testified that the "big job" caused him cashflow problems and he had to borrow money from his mother in order to continue paying his workers and to purchase the necessary materials to complete the job. Petitioner asserts that his mother lent him $20,000 at various intervals during 2004 and that these funds were received

in cash. Petitioner further asserts that he borrowed "roughly about $12,000" from his girlfriend in 2004 in order to fix his house and shop. Petitioner submitted two letters, one allegedly written by his mother and the other allegedly written by his girlfriend, as evidence of the funds he had borrowed from them. The two handwritten letters, however, were both dated within 1 week of trial. Petitioner had no other documentation of either loan.

In May 2004 petitioner's residence was destroyed by fire. The report prepared by the local fire department stated there was heavy fire throughout the house with most of the roof area and one vehicle destroyed by the fire. The fire destroyed not only petitioner's shop but also his 2004 business records. Petitioner did not claim a casualty loss on either his 2004 or 2005 Federal income tax return. During 2004 petitioner paid $3,959 in home mortgage interest.

The IRS received petitioner's 2004 Federal income tax return on September 21, 2005. Petitioner did not report any wages, salaries, tips, or gross receipts from his business for 2004 but did report a $26 State income tax refund. Petitioner also reported a business loss of $5,810, an NOL of $10,814, and home mortgage interest of $11,500.

During 2005 petitioner allowed his niece to move into his trailer home since he did not stay there. While out of town,

petitioner received a telephone call from his brother and his brother's wife informing him that they were throwing all of his belongings out, including his business records, transferring the title out of his name, and moving their daughter (petitioner's niece) into the trailer.  Petitioner called the police to put a stop to his family's actions but asserts that his 2005 business records were nevertheless lost.

The IRS received petitioner's 2005 Federal income tax return on January 26, 2007.  On his 2005 Schedule C petitioner reported gross receipts of $35,214, cost of goods sold of $9,478, car and truck expenses of $43,418, depreciation of $6,460, an insurance (other than health) expense of $2,500, and a utilities expense of $840, resulting in a reported business loss of $27,482.  For 2005 petitioner did not report any wages, salaries, or tips.  On his 2005 return petitioner also reported a separate NOL of $5,784 and a State income tax refund of $26.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof may shift to the Commissioner in certain circumstances if the taxpayer introduces credible evidence and establishes that he or she substantiated items, maintained required records, and

fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). Petitioner has neither asserted that the burden of proof has shifted to respondent nor provided sufficient credible evidence to reconstruct his business records for 2004 or 2005; therefore the burden of proof remains with petitioner.

I. Unreported Income for 2004

Gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code. Sec. 61(a). Where a taxpayer is unable to produce substantiating business records of his income, the Commissioner may use the bank deposits method to reconstruct and compute the taxpayer's income. See Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977). A bank deposit is prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). This method of reconstruction assumes that all money deposited into a taxpayer's bank account is includable in gross income unless the taxpayer establishes that the deposits are not taxable. DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992). The Commissioner, however, must take into account any nontaxable items and deductible expenses of which he has knowledge. Id. (citing Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964)).

Petitioner does not dispute respondent's use of the bank deposits method for reconstruction of his 2004 income; rather, he contends that a portion of these deposits was loan proceeds from his mother and his girlfriend. For support petitioner proffered two handwritten letters purportedly from his mother and his girlfriend. However, the handwritten letters were not contemporaneous manifestations of the parties' purported agreements with petitioner, and we do not find them to be persuasive or credible. Moreover, petitioner has not identified any specific deposit into his bank account as representative of loan proceeds.

Because petitioner failed to identify any of the deposits as nontaxable, all the deposits in 2004 are includable in petitioner's gross income. Accordingly, we find that petitioner failed to report $88,389 in gross receipts for 2004.

II. Schedule C Cost of Goods Sold and Business Expenses

Section 162(a) allows a taxpayer to deduct all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Taxpayers bear the burden of proving that they have complied with the specific requirements for any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Personal expenses, in contrast, generally are not deductible. Sec. 262(a).

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he or she is entitled to the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. When a taxpayer presents convincing evidence that he incurred a deductible expense but lacks the records to substantiate the claimed amounts, the Court may estimate the allowable deduction. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The Court will estimate the expenses only when the record provides some basis for computation. Cohan v. Commissioner, supra at 544; Vanicek v. Commissioner, supra at 742-743. In estimating the taxpayer's allowable deductions, the Court bears heavily against the taxpayer because the "inexactitude is of his own making." Cohan v. Commissioner, supra at 544.

A.  Utilities Expense

For 2005 petitioner claimed a utilities expense of $840. Of that amount, respondent allowed $216 and disallowed $624. Petitioner has not established that he paid or incurred a utilities expense in an amount greater than that respondent allowed. Accordingly, we find that he is not entitled to a utilities expense deduction for 2005 in excess of the amount respondent already allowed.

For 2004 petitioner did not initially deduct a utilities expense on his late-filed Federal income tax return. At trial,

however, petitioner submitted a copy of an electric utility bill with his name on it. This electric utility bill indicates that petitioner paid $743.90 for electricity during 2004. The electric utility bill does not, however, indicate the address or property to which it pertains. Nevertheless, respondent has conceded on brief that it relates to petitioner's residence.

Section 280A(a) provides: "Except as otherwise provided in this section, in the case of a taxpayer who is an individual * * *, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Section 280A(c)(1)(A) provides an exception to this general rule and permits a deduction for home office expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer.

Petitioner has neither established what portion of his residence was used solely for business purposes nor provided some basis for us to compute it. Thus, we are unable to determine what portion of his 2004 utilities expense was allocable to the business. Accordingly, we find that petitioner has failed to carry his burden of proof and therefore is not entitled to a utilities expense deduction for 2004.

B.  Car and Truck Expenses

Section 274(d)(4) imposes heightened substantiation requirements for listed property.  Listed property includes passenger automobiles.  Sec. 280F(d)(4)(A)(i).   The required substantiation must be sufficient to establish the amount and use of the expense, the time of the business use, and the business purpose of the expense.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Taxpayers must substantiate their expenses by either "adequate records" or "sufficient evidence corroborating the taxpayer's own statement".  Sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * *, and documentary evidence".  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  When a taxpayer loses the substantiating documentation due to circumstances beyond his control, he may reasonably reconstruct such expenses.  Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

Petitioner did not deduct any car and truck expenses on his 2004 Schedule C.  At trial petitioner provided a $37.69 receipt from Craig's Xpress Lube dated July 14, 2004.  Petitioner, however, has offered nothing more to reasonably reconstruct his

car and truck expenses in 2004 and has failed to establish the business purpose of the $37.69 expense. Accordingly, we sustain respondent's determination and find that petitioner has not met the heightened substantiation requirements to deduct any car and truck expenses in 2004.

On petitioner's Schedule C for 2005 he deducted $43,418 of car and truck expenses. Respondent disallowed $43,171 of the claimed deduction. At trial petitioner proffered many receipts purportedly relating to car and truck expenses of his business. Petitioner has not corroborated these receipts with credible testimony or other evidence to establish the business purpose of the expenses. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. In fact, when asked about a log for 2005 petitioner testified: "I think there is a log somewhere, but it probably isn't up to date because it was pretty much havoc at that time. I got a little sidetracked. I'm sure it won't be accurate." While petitioner may have incurred some car and truck expenses while operating his business, the consequence of his failure to keep an accurate log or at a minimum establish the business purpose for the expenses reflected on the receipts provided by him is that respondent's determination will be sustained. Accordingly, we find that petitioner is not entitled to a car and truck expense deduction for 2005 in excess of the amount respondent already allowed.

C.  Cost of Goods Sold and Other Schedule C Expenses

On his 2004 Schedule C petitioner did not report any amount as cost of goods sold (COGS) or claim a deduction for any business expense other than a $5,810 depreciation expense under section 179.  In the notice of deficiency respondent determined that petitioner incurred $25,177 for COGS, $2,739 for insurance, and $322 for repairs and maintenance in 2004.  Petitioner submitted evidence showing that he had additional Schedule C expenses in 2004 that were neither claimed on his return nor allowed by respondent in the notice of deficiency.  On brief respondent has conceded that petitioner is entitled to an additional $25.90 in Schedule C expense deductions.  With respect to all other receipts petitioner proffered, he has not established how these expenditures related to his business.  Accordingly, we sustain respondent's determination and hold that petitioner is not entitled to an increase in COGS or to any other business expense deduction in an amount greater than that respondent allowed for 2004.

On his 2005 Schedule C petitioner reported COGS of $9,478.  In the notice of deficiency respondent determined that petitioner had overstated his COGS by $2,304.  After reviewing the multitude of receipts provided by petitioner at trial, on brief respondent has conceded that petitioner's COGS should be increased by an additional $145.37.  Most of the receipts petitioner provided are

insufficient on their own to substantiate their business purpose. Moreover, petitioner has not credibly testified with respect to these receipts.  We therefore sustain respondent's determination and hold that petitioner is only entitled to subtract $7,320 from his gross receipts as COGS in 2005.

## III.  Net Operating Loss Deductions

Section 172(a) and (b) allows a deduction for an NOL, which may be carried back to each of the 2 years preceding the taxable year of the loss and carried over to each of the 20 taxable years following the year of the loss.  In general, the taxpayer bears the burden of establishing both the actual existence of NOLs and the amounts of such losses that may be carried to the years at issue.  Rule 142(a); Keith v. Commissioner, 115 T.C. 605, 621 (2000).

On his 2004 Federal income tax return petitioner reported a $10,814 NOL, and on his 2005 return he reported a $5,784 NOL.  In the notice of deficiency respondent disallowed these deductions because petitioner did not "establish that any loss existed or was adequately substantiated."

Petitioner has not provided any evidence of the existence of an NOL that could have been deducted in 2004 or 2005. Accordingly, we find that petitioner is not entitled to an NOL deduction for either 2004 or 2005.

IV.  Home Mortgage Interest Deduction

For 2004 petitioner claimed a home mortgage interest deduction of $11,500.  Respondent determined that petitioner was entitled to a home mortgage interest deduction of $3,959.

Home mortgage interest is generally deductible under section 163(a), subject to the requirements of subsection (h). Petitioner has not offered any documentary or testimonial evidence to allow us to determine whether he is entitled to a home mortgage interest deduction in excess of the amount respondent already allowed.  Accordingly, we sustain respondent's determination.

V.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to file a return.  Section 7491(c) generally provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax.  The Commissioner may meet his burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Because the parties stipulated that petitioner filed his 2004 and 2005 Federal income tax returns late, respondent has met his burden of production.

Additionally, petitioner has not offered any documentary or testimonial evidence to establish that his late filing was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1).  Accordingly, we sustain the section 6651(a)(1) addition to tax but note that because the parties have made several concessions, respondent's original section 6651(a)(1) addition to tax computations must be adjusted to reflect those changes.

## VI.  Section 6662(a) Accuracy-Related Penalty

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax (1) due to negligence or disregard of the rules or regulations or (2) attributable to a substantial understatement of income tax.  Section 6662(c) defines "negligence" as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  See also sec. 1.6662-3(b)(1), Income Tax Regs.  A substantial understatement of tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A).  The Commissioner bears the burden of production with respect to the accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, supra at 446.

On the basis of our findings herein, respondent has met his burden of production. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Although petitioner asserts that his business records were either destroyed by fire or lost due to the actions of his family members, we do not find his limited testimony sufficient to establish that the alleged missing records complied with the recordkeeping requirements of the law. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner therefore failed to make a reasonable attempt to comply with the law or maintain adequate records.

An exception to the section 6662 penalty applies when the taxpayer demonstrates there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c); Higbee v. Commissioner, supra at 448. Whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that he had receipts for many of his expenses but the receipts were either destroyed by fire in 2004 or thrown away by his brother and his brother's wife in 2005. The loss of his 2004 business records does not explain why petitioner chose not to report any gross receipts from his business in 2004. Additionally, petitioner admittedly did not

keep a contemporaneous log of his expenses in 2005 and testified further that if he could find the log that he kept he was sure that it would not be accurate. Moreover, petitioner has made little if any attempt to reconstruct the missing records. Such circumstances do not constitute reasonable cause. Accordingly, we conclude that petitioner has failed to demonstrate reasonable cause and good faith. Respondent's determination on this issue is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.